

# THE ATTORNEY GENERAL
# OF TEXAS

AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

October 3, 1973

The Honorable Dolph Briscoe
Governor of the State of Texas
Capitol Building
Austin, Texas 78711

Opinion No. H- 118

Re:   Questions relating to
iniquiries into "ethni-
city" of a State employee,
under § 6 of House Bill 6
(Acts 1973, 63rd Leg.,
ch. 424, p. 1112; Article
6252-17a, V. T. C. S. )

Dear Governor Briscoe:

In your opinion request you state:

"The Governor's Office is compiling information
necessary to comply with the provisions of House Bill
6 of the 63rd Legislature.

"Section Six of that act states 'the following
categories of information are specifically made public
information . . . .

"(2) the names, sex, ethnicity, salaries,
title, and dates of employment of all employees
and officers of governmental bodies. '

" . . . .

" The statute in question does not define ethnicity.
Ethnicity is defined in Webster's Third International
Dictionary Unabridged (1965) as 'ethnic quality of affi-
liation, ' and ethnic is defined as 'having or originating
from racial, linguistic, and cultural ties with a specific
group, ' and an example is given as 'Negroes, Irish,
Italians, Germans, Poles, and other groups. '

"Section Three of House Bill 6 declares that certain information shall not be made public and included therein in subsection (2) is the following . . . 'information in personnel files, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.'

"This office would appreciate knowing your interpretation of the term 'ethnicity,' and whether or not the securing of this information and the public dissemination of it constitutes an invasion of privacy.of the employee."

The word "ethnicity" is very broad and refers, as the Webster's Dictionary definition you provide indicates, to race, national origin, linguistic and cultural background and, in addition, to religion. (See the Random House Dictionary of the English Language, unabridged edition).

In construing a statute and determining the legislative intent, it is our duty to give effect to each word and, unless otherwise defined, to give words their commonly understood meanings.  53 Tex. Jur. 2d, Statutes, § § 119, et seq; Article 5429b-2, § 2. 01, V. T. C. S.  We must conclude that "ethnicity," as used in § 6 of House Bill 6 includes all of the commonly understood elements of that term, e. g., race, religion, linguistic and cultural background, and national origin.

Section 3(a) of the Act makes "All information collected, assembled, or maintained by governmental bodies pursuant to law or ordinance or in connection with the transaction of official business" public information subject to disclosure.  It then states exceptions, one of which you have quoted in your letter.  Another found in subsection 3(a)(1) excepts confidential information. See Attorney General Opinion H-90 (1973).

Section 6, in designating materials which "are specifically made public information," qualifies its effect by stating it is made, "Without limiting the meaning of other sections of this Act. . . ." indicating we believe, that the list of materials found in § 6 is only illustrative, but not exhaustively so, of the types of information reached by § 3.

The Legislature apparently did not expect that inquiries into "ethnicity" would constitute a "clearly unwarranted invasion of personal privacy." Otherwise, it would not have used such information as illustration of information made public under § 6. For the same reason, it is clear that the Legislature assumed the disclosure of such information would not violate the confidentiality of "information deemed confidential by law, either Constitutional, statutory, or by judicial decision;" [as excepted under § 3(a)(2)]. In any event, we believe the intent of the Legislature was that the specific exceptions found in § 3 would control. It could not have been intended that "ethnicity" information, for instance, should be divulged even though such information were deemed confidential by constitutional law. It will not be assumed that the Legislature intended an unconstitutional result. 53 Tex. Jur. 2d, Statutes, § 182.

We are aware of no constitutional provision, statute, or judicial decision which makes "ethnicity" information intrinsically confidential, without regard to the factual context. Each questionable case will turn on facts, but § 6 creates a presumption that "ethnicity" information is not per se confidential. Unless there is reason to believe some specific exception applies [as, for instance, if the only available information regarding an employee's ethnic origin is contained in birth records specifically excepted by § 3(15)], ethnic information should be made available upon request. If there is doubt, the question should be referred to the Attorney General pursuant to § 7 of this Act. See Attorney General Opinion H-90 (1973).

## SUMMARY

As used in House Bill 6, 63rd Legislature (Article 6252-17a, V. T. C. S.) the word "ethnicity" includes all the commonly understood elements of that term, e. g., race, religion, cultural background and national origin. Ethnicity information concerning governmental employees is to be considered public information unless, in the particular context involved,

one or more of the exceptions to publicity found in § 3 of the Act is applicable.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

LARRY F. YORK, First Assistant

DAVID M. KENDALL, Chairman
Opinion Committee